O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CHRISTOPHER LEE KENNEDY, | ) | Case No. LA CV 14-8137 JGB (JCG) |
| Petitioner, | ) | |
| v. | ) | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |
| SECRETARY OF THE CDCR, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the R&R, and the remaining record, and has made a *de novo* determination.

Based on the Court's review, there are three issues that warrant brief amplification here.

    **A.**    <u>Ronald Kupsch's Out-of-Court Statements</u>

First, Petitioner reiterates that the trial court violated his due process rights in admitting Ronald Kupsch's ("Kupsch") out-of-court statements. (Objections at 2.)

1

1 However, as mentioned in the R&R, Petitioner failed to show how the admission of such statements "rendered the trial fundamentally unfair in violation of due process" in light of their highly relevant nature and the "overwhelming evidence of Petitioner's guilt." *See Kealohapauole v. Shimoda*, 800 F.2d 1463, 1466 (9th Cir. 1996); (R&R at 5.) Furthermore, although Petitioner makes much of the testimony's potentially prejudicial effect, this conclusory allegation is insufficient to show how such alleged prejudice differs from "the prejudice or damage that naturally flows from *relevant, highly probative* evidence." *See Stovall v. Tilton*, 2011 WL 2939423, at *19 (C.D. Cal. 2009) (emphasis added). Moreover, Petitioner fails to show how such testimony was "so egregiously prejudicial and *devoid of relevance* that its admission necessarily prevents" a fair trial. *See id.* (emphasis added).

### B. Zoda's Testimony

Second, Petitioner argues that because Bradley Zoda ("Zoda") was a co-defendant, "his testimony would have been inadmissible unless it was corroborated by other evidence." (Objections at 3.)

Presumably, Petitioner's argument is based on California Penal Code section 1111 ("Section 1111"), which states, in relevant part: "A conviction can not be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense . . . ." Cal. Penal Code § 1111.

As a rule, any failure to satisfy California's requirement of corroboration for accomplice testimony does not present a *federal* question, unless the accomplice testimony is facially incredible or insubstantial, or the trial court's alleged violation of Section 1111 rendered the petitioner's trial fundamentally unfair. *See, e.g., U.S. v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993); *Laboa v. Calderon*, 224 F.3d 972, 979.

Preliminarily, it does not appear that there was even an alleged violation of Section 1111. *See People v. Fauber*, 2 Cal. 4th 792, 834-35 (1992) (holding that

Section 1111 requires only "slight" corroborative evidence). As explained in the R&R, Zoda's testimony was corroborated by other evidence, namely: (1) an arson investigator's expert opinion that, based on the burn patterns, the victim's car was intentionally set on fire with an accelerant; (2) a partially-burned aluminum bat that was found inside the victim's car; and (3) a doctor's opinion that, based on an examination of Petitioner after the incident, Petitioner had suffered second-degree burns on his legs, and a burn on his right hand. (R&R at 6; *see also* RT at 2202-06, 2164, 2168, 3127-28, 3141.)

In any event, even if Zoda's testimony had not been corroborated, the testimony would be neither facially incredible nor insubstantial. Zoda, as an eyewitness, testified that Petitioner: (1) repeatedly struck the victim with an aluminum bat; (2) poured gasoline on the victim's own car while the victim was inside the trunk; (3) continued to pour gasoline on the victim's car after it caught on fire; and (4) "jumped back" and "was smacking his legs and cussing a little bit" while the car was aflame. (RT at 2866, 2869-70, 2880-81, 2882.) Such testimony is neither facially incredible, nor insubstantial, to Petitioner's guilt. *See Necoechea*, 986 F.2d at 1282.

Moreover, Petitioner fails to sufficiently show how Zoda's testimony rendered the trial and conviction fundamentally unfair. *See Laboa*, 224 F.3d at 979. As the R&R aptly summarizes, and as explained above, there was corroborating evidence that sustained the conviction. (R&R at 6.)

C. **Racial Animus**

Finally, Petitioner argues that racial animus evidence should not have been admitted under *Dawson v. Delaware*, 503 U.S. 159 (1991), because such evidence did not bear any relevance and had "no rational connection to the crime." (Objections at 5.)

However, as the R&R explained, Petitioner failed to show that there were "*no* permissible inferences*" that the jury could have drawn from evidence that Petitioner

was either a member or aspiring member of Metal Mindz, a white supremacist gang.[1] (R&R at 6); *see Jammal*, 926 F.2d at 920. Such evidence was relevant because it explained, in part, why Petitioner and the co-defendants "would commit such a brutal crime for a small sum of money." *People v. Kennedy*, 2012 WL 1513690, at *7 (Cal. Ct. App. May 1, 2012). Because there was a permissible inference for the jury to draw from the gang evidence, its admission did not violate Petitioner's due process rights. *See Jammal*, 926 F.2d at 920.

Moreover, the Court notes Petitioner's misplaced reliance on *Dawson*. In that case, the United States Supreme Court concluded that evidence of the defendant's membership in a "white racist prison gang" was "not tied in any way to the murder" because both the murder victim and the defendant were white. *Dawson*, 503 U.S. at 162, 166. Therefore, the Supreme Court found that "the elements of racial hatred were . . . not involved in the killing." *Id.*

Here, the evidence of racial animus presented at trial proved "more than [Petitioner's] abstract beliefs." *See id.* at 167. Notably, the victim was "half Black and half Native American." *People v. Kennedy*, 2012 WL 1513690, at *7 (Cal. Ct. App. May 1, 2012). As such, this was not a situation in which "racist beliefs" were "totally without relevance," *see Dawson*, 503 U.S. at 165, as the jury could permissibly infer that Petitioner's crimes were motivated, in part, by racial animus.

In any event, and as explained in the R&R, to the extent that the trial court erred in admitting evidence of racial animus, such error was harmless in light of the overwhelming evidence of Petitioner's guilt. (R&R at 7.)

---

[1] Also, Petitioner mischaracterizes the testimony of Donovan Casey ("Casey"), the founder of Metal Mindz. (Objections at 4.) Specifically, Petitioner claims that Casey "explicitly stat[ed] that Petitioner was not a member . . . [or] a 'prospective' member of Metal Mindz." (*Id.*) However, the record shows that Casey testified that Petitioner was "on his way" when asked whether Petitioner was a member of the gang. (RT at 2764.)

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action with prejudice; and

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the R&R and above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: November 30, 2016

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE